---

(No. 12345.—Reversed and remanded.)
SAM SGRO, Appellant, *vs.* MICHAEL KAMEES *et al.*
Appellees.

*Opinion filed December 18, 1918.*

LIMITATIONS—*when title is acquired by limitation.* One who, with his predecessors in title, has had for more than twenty years continuous, open, adverse and exclusive possession of land up to a boundary fence between his lot and an adjoining one, acquires title by limitation to the land enclosed even though the fence may not be on the true boundary line.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

ED. D. HENRY, for appellant.

A. G. MURRAY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Lily G. Kamees, one of the appellees, brought her suit in ejectment in the circuit court of Sangamon county against the appellant, Sam Sgro, to recover possession of a portion of lot 10, in block 6, in Wells & Peck's addition to Springfield, extending along the east line of lot 9, but dismissed that suit and afterward brought another suit in ejectment on the same cause of action. Sam Sgro, appellant, then filed his bill against Lily Kamees and her husband, Michael Kamees, the other appellee, and by his amended

285 — 37

bill prayed the court to confirm his title to the portion of lot 10 for which the ejectment suit was brought, on the ground that he and his predecessors in title and possession had been in the exclusive, open, notorious, adverse and continuous possession since the year 1860; that the ejectment suit should be consolidated with his suit and that the defendants be enjoined from prosecution of the ejectment suit or interference with his possession. The amended bill was answered denying the alleged possession of the complainant, and the defendants filed a cross-bill setting up the same facts as their answer and prayed for a confirmation of the title of Lily Kamees to the disputed strip. It was ordered that the amended bill stand for an answer to the cross-bill and the two suits were consolidated. The issues were referred to a special master in chancery, who took evidence and made his report that the complainant and his predecessors in title and possession had for more than twenty years before the commencement of the ejectment suit been in the continuous, open, adverse and exclusive possession, claiming ownership thereof, of that part of lot 10 bounded as follows: "Beginning at the northwest corner of said lot No. 10 and running thence east eleven inches; thence southerly in a straight line sixty-five feet to a point eighteen inches east of the west line of said lot No. 10; thence southwesterly in a straight line twenty-five feet to a point four and one-half inches east of the west line of said lot No. 10; and thence west to the said west line of said lot No. 10;" that such parcel had been enclosed with a fence as a part of lot 9 during all that time, and the fence was treated by the owners and persons in possession and taken as and for the true boundary line for more than twenty years. He recommended that the defendants be perpetually enjoined from claiming title and possession of said part of lot 10 and the defendant Lily Kamees be perpetually enjoined from prosecuting her suit in ejectment. The cause was heard by the chancellor on exceptions to the

master's report, which were sustained and the bill was dismissed at the costs of the complainant. The abstract does not show any disposition of the cross-bill or that any affirmative relief was granted under it.

Lots 9 and 10 are each forty feet in width and run back one hundred and fifty-seven feet to an alley, with their frontage south on Carpenter street, in the city of Springfield. Lot 9 is the next lot east of Ninth street and lot 10 adjoins it on the east. Greenup Correthers owned and occupied lot 9 from about the year 1860 until his death, in 1890, and since that time it has been occupied by his widow and heirs and their grantees, and it is now owned and occupied by the complainant. About 1860 Correthers built a fence along the east line of the premises occupied by him, which was maintained from that time until recent years, much more than the statutory limitation. The owners and occupants of lot 9 had the exclusive, continuous, adverse possession up to that fence, and the only question about which there is any conflicting evidence was the location of the fence. The fence was irregular and not on the true line, and the claim that the fence was straight is contradicted by the testimony of the defendant Michael Kamees, who said that it was never straight but was east of the lot line, partway two or three inches east and some places sixteen or seventeen inches east. The evidence for the complainant corresponded with the finding of the master. There was physical evidence in the stubs of old posts that were found and in connection with a brick oven extending over the true line on the disputed ground. A very clear preponderance of the evidence sustained the report of the master, and in our opinion the exceptions should have been overruled.

The decree is reversed and the cause remanded, with directions to dismiss the cross-bill, to overrule the exceptions to the master's report and to enter a decree in accordance therewith. *Reversed and remanded, with directions.*